UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Aaron L. Waring, Jr.,<br>Plaintiff,<br><br>v.<br><br>KVH Hospitality Group, LLC d/b/a Holiday Inn Express & Suites; Inter-Continental Hotels Corporation d/b/a IHG Hotels & Resorts; and Concord Hospitality Enterprises Company, LLC d/b/a Hotel Indigo,<br>Defendants. | CASE NO.: __ 2:24-cv-06927-RMG-MHC____<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1.  This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2.  All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a.  A Charge of employment discrimination on basis of disability discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

    b.  The Notification of the Right to Sue were received from the EEOC on or about September 17, 2024.

    c.  This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3.  The Plaintiff, Aaron L. Waring, Jr., is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

4.  Defendant, KVH Hospitality Group, LLC d/b/a Holiday Inn Express & Suites, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

5.  Defendant, Inter-Continental Hotels Corporation d/b/a IHG Hotels & Resorts, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

6. Defendant, Concord Hospitality Enterprises Company, LLC d/b/a Hotel Indigo, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. The Defendants are a "person" within the meaning of Title VII and the ADA.

9. The Defendants are an industry that affects commerce within the meaning of Title VII and the ADA.

10. The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

11. Defendant, KVH Hospitality Group, LLC d/b/a Holiday Inn Express & Suites, employed the plaintiff providing pay, benefits, leave, supervision, Human Resources Support, and having the ability to terminate the Plaintiff. Defendants, Inter-Continental Hotels Corporation d/b/a IHG Hotels & Resorts and Concord Hospitality Enterprises Company, LLC d/b/a Hotel Indigo, also employed the plaintiff as a "joint employer" providing direct supervision of the Plaintiff, training on how to perform his job functions, providing all tools and machinery necessary to perform his job functions, and having the ability to effectuate the termination of the Plaintiff

12. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

13. On or about May 1, 2023, the Plaintiff began working for Defendants as a Front Desk Supervisor.

14. The Plaintiff had previously been diagnosed with Diabetes. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

15. The Plaintiff informed Defendants upon his hire that he needed accommodation of additional breaks to check his blood sugar and to give himself injections when he started to feel his blood sugar going low, as well as working less than 50 hours per week.

16. On or about September 18, 2023, the Plaintiff became ill due to his disability and went to the bathroom, he was written up by his supervisor for spending too much time in the restroom. Later that evening, Plaintiff went to the emergency room where he was admitted and kept overnight due to his diabetes.

17. On or about September 19, 2023, the Plaintiff's supervisor texted Plaintiff to ask why he was not at work. The Plaintiff's father contacted Plaintiff's supervisor to advise him that Plaintiff was admitted to hospital.

18. In retaliation for his request for accommodation, the Plaintiff was terminated on or about September 20, 2023.

19. Any stated reasons for Plaintiff's termination were pretextual in nature. His termination, in reality, was discriminatory on the basis of his disability and in retaliation for requesting reasonable accommodations.

20. At all times relevant to this Complaint, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

21. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

22. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

23. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job in Defendants' employ.

24. As a result of his disability, the Plaintiff requested the reasonable accommodation of taking breaks to give injection when feeling blood sugar going low.

25. The Defendants declined, without just cause, to provide those accommodations to the Plaintiff.

26. The Defendants have also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodation.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

29. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

30. Shortly after requesting said accommodations, the Defendants fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

31. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

32. The aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

33. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## REQUEST FOR RELIEF

34. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

35. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.  Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable;

2.  Judgment in favor of the Plaintiff and against the Defendants for back pay and associated benefits in such an amount to be determined by the trier of fact;

3.  Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits he lost in such an amount to be determined by the trier of fact;

4.  Judgment in favor of the Plaintiff and against the Defendants for prejudgment interest;

5.  Judgment in favor of the Plaintiff and against the Defendants for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6.      Judgment in favor of the Plaintiff and against the Defendants for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
t: (843) 553-9800

North Charleston, South Carolina
December 2, 2024.