**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Aaron L. Waring, Jr., | ) | Civil Action No.: 2:24-cv-06927-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Concord Hospitality Enterprises | ) | |
| Company, LLC *d/b/a* Hotel Indigo, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, who was originally represented by counsel, filed this action against Defendant alleging violations of the Americans with Disabilities Act (42 U.S.C. §12117). The docket reflects that Defendant filed an Answer on January 17, 2025. ECF No. 9.

On December 8, 2025, Defendant filed a Motion to Compel Discovery Responses and Motion for Sanctions. ECF No. 44. On December 22, 2025, counsel for Plaintiff filed a Response to the Motion to Compel, stating, in part, that "counsel has been unable to secure the requisite cooperation from Plaintiff to effectively prosecute this action on his behalf. Specifically, Plaintiff has failed and refused to provide to counsel certain items and documents within his possession, custody, and control that are directly responsive to Defendant's duly propounded discovery requests." ECF No. 49 at 1. Counsel also asserted that "Plaintiff has remained wholly unresponsive to all such communications from counsel [regarding Plaintiff's discovery obligations], has since failed to show for mediation, and Counsel has been unable to obtain a response from Plaintiff's family." *Id.*

On December 23, 2025, Plaintiff's counsel filed a Motion to Withdraw as attorney for Plaintiff. ECF No. 51. Counsel's Motion set forth that Plaintiff has failed to provide Plaintiff's

counsel items and documents in Plaintiff's possession in response to Defendant's Interrogatories and Requests for Production, that Plaintiff was refusing to respond to Plaintiff's counsel, that Plaintiff failed to appear for his mediation despite several reminders sent by Plaintiff's counsel, and that Plaintiff's counsel was unable to adequately represent Plaintiff without his cooperation. *Id.* Finally, counsel certified that he had advised Plaintiff (via email and U.S. mail sent to his last known address) that counsel and his law firm have moved to withdraw as counsel and that Plaintiff would have seventeen days from December 23 to object or otherwise respond to the court regarding the Motion. ECF No. 51-1. Plaintiff did not object or otherwise respond to the Motion.

On January 13, 2026, the undersigned issued an Order granting counsel's Motion to Withdraw. ECF No. 53. In the January 13 Order, the undersigned specifically ordered Plaintiff to "notify the Court of his intention to either proceed pro se or to retain legal counsel in this case within twenty-one (21) days from the date of this Order." *Id.* at 2; *see id.* ("Plaintiff shall notify the Court in writing, on or before February 3, 2026, of his intention either to proceed pro se or to retain legal counsel in this case."). Plaintiff was specifically advised that if he failed to comply with the Order, his case may be dismissed, in accordance with Rule 41 of the Federal Rules of Civil Procedure, for violating this Order or for failing to prosecute his case. *Id.* at 2, 4. The Order also extended Plaintiff's deadline to respond to Defendant's Motion to Compel and for Sanctions to February 9, 2026. *Id.* at 4.

The January 13 Order of the Court was mailed to Plaintiff at his last known address that same day. *See* ECF No. 56. Notwithstanding the specific warning and instructions as set forth in the Court's January 13 Order, Plaintiff has failed to respond to that Order or to contact the Court in any way. Nor has Plaintiff filed any response to the Motion to Compel and for Sanctions.

Federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962); *see also* Fed R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30. In considering whether to impose such a dismissal, the court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

The undersigned finds that all four *Lopez* factors weigh in favor of dismissal. First, it appears that despite his counsel's attempts to obtain discovery responses from Plaintiff and to secure his appearance at mediation, Plaintiff was non-responsive and did not attend the mediation. By failing to communicate with his counsel, Plaintiff bears personal responsibility for his failure to respond to discovery requests. *See Luna v. Guilford Cnty., N. Carolina*, 326 F.R.D. 103, 105 (M.D.N.C. 2018) (granting motion to dismiss for failure to prosecute where plaintiff failed to respond to discovery requests and finding that the plaintiff bore "personal responsibility for her noncompliance by failing to communicate with her counsel"). Moreover, Plaintiff was personally responsible for his non-appearance at mediation. Similarly, after counsel was relieved from this case, Plaintiff was personally responsible for failing to respond to the Court's January 13 Order and to respond to the Motion to Compel.

Second, Defendant has been prejudiced by expending time and resources answering the Complaint and filing motions to obtain discovery in this action, which Plaintiff now appears to

abandon. Third, Plaintiff has demonstrated a history of proceeding in a dilatory fashion, as discovery requests were served in March 2025, but Plaintiff has failed to respond to those requests since that time, notwithstanding repeated diligent attempts by his counsel to obtain responses. *See* ECF No. 44-1; ECF No. 49; ECF No. 51. Fourth, and finally, no sanction other than dismissal likely would be effective given Plaintiff's lack of compliance with the Court's January 13 Order.

Accordingly, because Plaintiff has failed to comply with the Court's January 13 Order and has failed to engage in discovery in this action, **IT IS RECOMMENDED** that the instant action be **DISMISSED** for lack of prosecution pursuant to Rule 41(b). *See Lopez*, 669 F.2d at 920; *Davis*, 588 F.2d at 70; *Luna*, 326 F.R.D. at 105; Fed. R. Civ. P. 41(b).

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wants to continue with this case, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.**

If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).[1]

---

[1] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35–36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95–96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**IT IS SO RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.


Molly H. Cherry
United States Magistrate Judge

February 23, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.    Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"    *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.    28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).    Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**    28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).